1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

WILLIS ROBERT HATLER,                          CV F 04-6681 WMW HC

12
                        Petitioner,            FINDINGS  AND  RECOMMENDATIONS  RE
13                                             PETITION FOR WRIT OF HABEAS CORPUS
14      v.
                                               [Doc. 1, 8]
15
TERESA A. SCHWARZ,
16
                        Respondent.
17  _____/
18

19        Petitioner is a prisoner proceeding with counsel on a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. Section 2254.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have

    consented to the jurisdiction of the United States Magistrate Judge.  Pending before the court is the
21
    Respondent's motion to dismiss.  Petitioner has not opposed the motion.
22
                              **PROCEDURAL HISTORY**
23
24        Petitioner was convicted of five counts of lewd conduct with a child under the age of

25  fourteen, failure to appear, and two counts of lewd acts upon children between fourteen and fifteen

    years of age.  Petitioner was sentenced to serve an aggregate term of imprisonment of eight years,
26
    eight months.
27
          Petitioner filed a direct appeal from his judgment of conviction with the California Court of
28

1  Appeal, Fifth Appellate District ("Court of Appeal").   The Court of Appeal affirmed the judgment

2  on November 29, 2001.  Petitioner's petition for review was denied by the California Supreme

3  Court.

4        Petitioner filed a petition for writ of habeas corpus with the Tuolumne County Superior

5  Court on April 6, 2000.  The court denied the petition on November 14, 2000.

6        Petitioner filed a second petition for writ of habeas corpus with the Tuolumne County

7  Superior Court on April 15, 2003.  The court denied the petition on May 5, 2003.

8        Petitioner filed a petition for writ of habeas corpus with the Court of Appeal on August 29,

9  2003.  The Court of Appeal denied the petition on October 9, 2003.

10        Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on

11  December 31, 2003.  The Supreme Court denied the petition November 10, 2004.

12        Petitioner filed a petition for writ of habeas corpus in the Court of Appeal on January 9,

13  2004.  The Court of Appeal denied the petition on January 22, 2004.

14        Petitioner filed the present petition in federal court on December 10, 2004.

15  **STANDARD OF REVIEW**

16  <u>JURISDICTION</u>

17        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

18  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

19  the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  <u>Williams v. Taylor</u>, 120 S.Ct.

20  1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

21  the United States Constitution.  In addition, the conviction challenged arises out of the Tuolumne

22  County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);

23  2241(d).  Accordingly, the court has jurisdiction over the action.

24        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

25  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

26  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

27  586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting <u>Drinkard v. Johnson</u>, 97

28  F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

1    *grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

2    to cases filed after statute's enactment).  The instant petition was filed on December 10, 2004, after

3    the enactment of the AEDPA, thus it is governed by its provisions.

4    <u>STANDARD OF REVIEW</u>

5         This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

6    pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

7    Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

8         The AEDPA altered the standard of review that a federal habeas court must apply with

9    respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v.</u>

10    <u>Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

11    not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

12    involved an unreasonable application of, clearly established Federal law, as determined by the

13    Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

14    determination of the facts in light of the evidence presented in the State Court proceeding." 28

15    U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

16    Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120

17    S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

18    concludes in its independent judgment that the relevant state-court decision applied clearly

19    established federal law erroneously or incorrectly."  <u>Lockyer</u>, at 1174 (citations omitted).  "Rather,

20    that application must be objectively unreasonable."  <u>Id.</u> (citations omitted).

21         While habeas corpus relief is an important instrument to assure that individuals are

22    constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

23    (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

24    conviction is the primary method for a petitioner to challenge that conviction.  <u>Brecht v.</u>

25    <u>Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

26    determinations must be presumed correct, and the federal court must accept all factual findings made

27    by the state court unless the petitioner can rebut "the presumption of correctness by clear and

28    convincing evidence."  28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769

1   (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380,

2   1388 (9th Cir. 1997).

3   **DISCUSSION**

4   Respondent moves to dismiss this petition for writ of habeas corpus on the ground that it is

5   barred  by the statute of limitations.  Petitioner has not opposed, or otherwise responded to, the

6   motion to dismiss.

7   The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

8   petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

9   (d) reads:

10      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The
11      limitation period shall run from the latest of –

12          (A) the date on which the judgment became final by the conclusion of direct
            review or the expiration of the time for seeking such review;
13

14          (B) the date on which the impediment to filing an application created by
        State action in violation of the Constitution or laws of the United States is removed, if
        the applicant was prevented from filing by such State action;
15

16          (C) the date on which the constitutional right asserted was initially recognized by
        the Supreme Court, if the right has been newly recognized by the Supreme Court and made
        retroactively applicable to cases on collateral review; or
17

18          (D) the date on which the factual predicate of the claim or claims presented
        could have been discovered through the exercise of due diligence.

19      (2) The time during which a properly filed application for State post-conviction or
        other collateral review with respect to the pertinent judgment or claim is pending
20      shall not be counted toward any period of limitation under this subsection.

21

22   In most cases, the limitation period begins running on the date that the petitioner's direct

23   review became final.   In this case, the petition for review was denied by the California Supreme

24   Court on February 13, 2002.[1]   Thus, direct review concluded on May 14, 2002, when the ninety (90)

25   day period for seeking review in the United States Supreme Court expired.[2] <u>Barefoot v. Estelle</u>, 463

26   _____

27      [1]Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court
        of Appeal becomes final when it is filed.

28      [2]<u>See</u> Sup.Ct. R. 13(1)

U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of

"direct review" includes the period within which one can file a petition for a writ of certiorari in the

United States Supreme Court); <u>Smith v. Bowersox</u>, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner  had

one year from May 15, 2002, absent applicable tolling, in which to file his federal petition for writ of

habeas corpus.  <u>See</u>, <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule

6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to

the one year limitations period).

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward" the one year limitation period.   In <u>Nino v. Galaza</u>, the Ninth

Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is

filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3]  <u>Nino v.</u>

<u>Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); <u>see</u> <u>also</u> <u>Taylor v.</u>

<u>Lee</u>, 186 F.3d 557 (4th Cir. 1999); <u>Barnett v. Lemaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999).  The

Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition

to file at the next appellate level reinforces the need to present all claims to the state courts first and

will prevent the premature filing of federal petitions out of concern that the limitation period will

end before all claims can be presented to the state supreme court.  <u>Id</u>. at 1005.  The limitations

period does not, however, toll for the time during which a petition for writ of habeas corpus is

pending in federal court.  <u>Duncan v. Walker</u>, 121 S.Ct. 2120 (2001).

In <u>Carey v. Saffold</u>, 122 S.Ct. 2134 (2002), the Court determined that under California's

collateral review process, the intervals between a lower court decision and the filing of a new

petition in a higher court are within the scope of the statutory word "pending." <u>Id</u>. at 2140.  Thus, as

in <u>Nino v. Galaza</u>, tolling occurs during the intervals between petitions in the state courts.  The

---

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. <u>See Nino</u>, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. <u>Id</u>. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. <u>See id</u>.

1    Supreme Court examined this principle in light of California's unique original writ system where the

2    timeliness of a petition is determined according to a "reasonableness" standard. Carey v. Saffold,

3    122 S.Ct. at 2139.  Thus, the California Supreme Court's denial of the petition "on the merits and for

4    lack of diligence" cannot, by itself, indicate that a petition is timely under California's

5    reasonableness standard. Id. at 2141 (explaining that there are a variety of reasons why the

6    California Supreme Court may have included the words "on the merits," and therefore those words

7    cannot by themselves indicate that the petition was timely).  The Court further explained that had the

8    California Supreme Court "clearly ruled that Saffold's 4 ½ – month delay was 'unreasonable,' that

9    would be the end of the matter" and the petition would not be pending for purposes of tolling.  Id. at

10   2141.  In other words, where a California prisoner delayed "unreasonably" in seeking further review

11   of his petition, he is not entitled to tolling under § 2244(d)(2). Saffold was remanded back to the

12   Ninth Circuit to determine whether Saffold's 4 ½ month delay between state habeas petitions was

13   unreasonable and therefore, insufficient for statutory tolling.  Id.

14        In this case, Petitioner's direct review became final on May 14, 2002, and the statute of

15   limitations therefore began to run on May 15, 2002.  See Patterson v. Stewart, 251 F.3d 1243, 1245

16   (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the

17   calculation of statutory tolling applicable to the one year limitations period.)  Prior to that time,

18   Petitioner filed his first state petition for writ of habeas corpus in the Tuolumne County Superior

19   Court on April 6, 2000. The petition was denied on November 14, 2000, over one year before the

20   statute of limitations began running.  The court finds that this  petition had no tolling effect of the

21   statute of limitations, because it was filed before the time period began running.

22        Petitioner's second petition for writ of habeas corpus in the Tuolumne County Superior

23   Court on April 15, 2003, and denied on May 5, 2003.  The first issue before this court is whether the

24   statute of limitations was tolled during the time period between the denial of the first petition, and

25   the filing of the second.  The court finds that under the particular facts of this case, the statute of

26   limitations was not tolled during that time period.  Although under Nino, "statute of limitations is

27   tolled from the time the first state habeas petition is filed until the California Supreme Court rejects

28   the petitioner's final collateral challenge," that language has been held to apply to one single set of

1  collateral filings, from superior court, to the  court of appeal, to the supreme court.  See Biggs v.

2  Duncan, 339 F.3d 1045 (9th Cir. 2003) (holding that there was no statutory tolling for the time gap

3  between the first set of collateral filings and the second set of collateral filings).  In this case,

4  Petitioner did not file his second petition with a higher court, but rather filed it in the same court

5  where he filed the first petition.  Thus, the court finds that Petitioner was not proceeding in the

6  manner required for tolling under Nino and Carey, and that he is not entitled to statutory tolling

7  between his first and second petitions.

8        The second issue before the court is whether the second petition for writ of habeas corpus

9  tolled the running of the statute of limitations.  The Tuolumne County Superior Court found that

10  Petitioner's second petition was untimely under state law.  Thus, the second petition was not

11  properly filed within the meaning of 28 U.S.C. Section 2244(d)(2), and the statute of limitations was

12  not tolled while it was before the court.   See Pace v. DiGugliemo, 125 S.Ct. at 1812.

13        As set forth above, the statute of limitations began running on May 15, 2002, and absent

14  tolling, was due to expire on May 14, 2002.  Neither of Petitioner's first two petitions tolled the

15  running of the statute, and Petitioner's third, four and fifth petitions were filed after the limitations

16  period ran.  See   Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to

17  tolling where the limitations period has already run).  Therefore, unless Petitioner is entitled to

18  equitable tolling of the statute of limitations, the statute ran on May 14, 2002, long before Petitioner

19  filed the present petition on December 10, 2004.

20        The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

21  prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.

22  Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107

23  F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.

24  United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), overruled in part on other grounds

25  by, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc) (noting that

26  "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if

27  'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on

28  time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to

file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* <u>Kelly</u>, 163 F.3d at 541; <u>Beeler</u>, 128 F.3d at 1288-1289.

Here, Petitioner has not opposed Respondent's motion to dismiss, and so has provided no argument in support of equitable tolling.   The burden of demonstrating that extraordinary circumstances exist lies with the petitioner.  <u>United States v. Marolf</u>, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999); <u>Allen v. Lewis</u>, 255 F.3d 798, 800 (9th Cir.2001) (holding that, in order to support a finding of "extraordinary circumstances" sufficient to warrant equitable tolling, the petitioner must show that the circumstances were the "but-for and proximate cause of his untimeliness").  Petitioner having failed to carry his burden, the court finds no basis for equitable tolling.

In light of the above, the court finds that this petition is barred by the statute of limitations and must be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)      Respondent's motion to dismiss is GRANTED;

2)      The petition for writ of habeas corpus is DISMISSED; and

3)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:    December 5, 2006**                    _____/s/  **William M. Wunderlich**_____
mmkd34                                    UNITED STATES MAGISTRATE JUDGE